**AETNA LIFE INSURANCE COMPANY, Plaintiff–Appellant**

v.

**METHODIST HOSPITALS OF DALLAS, doing business as Methodist Medical Center, doing business as Charlton Medical Center; Texas Health Resources; Medical Center Ear, Nose & Throat Associates of Houston, P.A., Defendants–Appellees.**

No. 15–10210.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2016.

Miguel Angel Estrada, Matthew Scott Rozen, Geoffrey M. Sigler, Esq., Gibson, Dunn & Crutcher, L.L.P., Washington, DC, John Bruce Shely, Esq., Andrews Kurth, L.L.P., Houston, TX, for Plaintiff–Appellant.

Mikal Watts, Esq., Watts Guerra, L.L.P., San Antonio, TX, Micah Ethan Skidmore, Haynes & Boone, L.L.P., Dallas, TX, for Defendants–Appellees.

Before SMITH, WIENER, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Aetna Life Insurance Company ("Aetna Life"), a subsidiary of Aetna Inc., appeals the district court's judgment, which held that (1) Texas Insurance Code, Chapter 1301 applies to Aetna Life as the administrator of self-funded employer plans, and (2) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, does not preempt such application. We reverse, vacate, and remand for entry of judgment as directed.

## I.

Aetna Inc. is a national managed-health-care company. Its subsidiaries that operate in Texas, including Aetna Life and Aetna Health Inc. ("Aetna Health"), offer fully insured plans as well as administrative services for self-funded plans. Aetna Health administers health maintenance organization ("HMO") plans, and Aetna Life administers preferred provider plans.

Defendant–Appellees Methodist Hospitals of Dallas and Texas Health Resources (collectively, the "Providers") are hospitals that provide health care in Texas to the beneficiaries of plans insured or administered by, *inter alia*, Aetna Inc.'s subsidiaries. Aetna Health contracted on behalf of itself and its affiliates—including Aetna Life—with the Providers to furnish services at reduced rates. This appeal relates specifically to allegedly late payments arising out of Aetna Life's administration of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

self-funded preferred provider ERISA benefit plans for which it contracted with the Providers as preferred providers.

Texas Insurance Code Chapters 843 and 1301 comprise the Texas Prompt Pay Act ("TPPA"). Only Chapter 1301 is relevant to this appeal because Aetna Life administers only preferred provider plans. Chapter 1301 applies to "each preferred provider benefit plan in which an insurer provides, through the insurer's health insurance policy," payment to preferred providers at discounted rates.[1] Chapter 1301 also applies to entities with which insurers contract to perform particular administrative functions.[2] The statute requires an insurer that receives a "clean claim"[3] from a preferred provider to "make a determination of whether the claim is payable" and to pay or deny the claim.[4] It must do so within 45 days for nonelectronically-filed claims and 30 days for electronically-filed claims.[5] The subject chapter imposes a range of penalties for late payments.[6]

In September 2013, the Providers sent a "Pre–Arbitration Demand" letter to Aetna Health, stating that it had paid particular clean claims late, and claiming that the Providers were owed late-payment penalties in excess of ten million dollars. The Providers cited the Texas Health Maintenance Organization Act[7] (applicable to HMOs) and the Texas Insurance Code, Chapter 1301[8] (applicable to preferred-provider plans) as the source of the obligations for timely payment and for late payment penalties.

Aetna Life responded by filing the instant federal action for a declaratory judgment holding that it is not liable for statutory penalties for claims under the self-funded ERISA plans that it administers. Aetna Life contended that (1) Chapter 1301 does not apply to self-funded ERISA plans or to third party administrators of such plans, or (2) in the alternative, ERISA preempts application of the statute to such plans.

After Aetna Life filed its federal declaratory judgment action, the Providers filed two lawsuits against Aetna Health in Texas state court—one in Tarrant County and the other in Dallas County—seeking penalties for late payments.[9] The Providers then filed a motion in the federal case asking the court to abstain from exercising jurisdiction over Aetna Life's declaratory judgment action on the basis of the related state-court proceedings. Aetna Life opposed the Providers' motion. The parties then filed cross-motions for summary judgment.

During the pendency of those motions, Aetna Health filed a motion for summary judgment in the Tarrant County action, contending that the TPPA does not apply to administrators of self-funded plans. At

---

1. Tex. Ins.Code § 1301.0041(a).

2. *Id.* § 1301.109.

3. Section 1301.131 defines the elements of a "clean claim."

4. Tex. Ins.Code § 1301.103.

5. *Id.*

6. *See id.* § 1301.137 (outlining penalties); *id.* § 1301.108 ("A preferred provider may recover reasonable attorney's fees and court costs in an action to recover payment under this subchapter.").

7. Tex. Ins.Code § 843.

8. *Id.* § 1301.

9. *Tex. Health Res. v. Aetna Health Inc.*, No. 17–269305–13 (Tex. Tarrant Cty. Dist.) ("Tarrant County action"); *Methodist Hosps. of Dall. v. Aetna Health, Inc.*, No. 13–13865 (Tex. Dallas Cty. Dist.) ("Dallas County action").

that point, the federal district court opted to "defer" to the Tarrant County court's determination of the TPPA's applicability. The Tarrant County court subsequently denied Aetna Health's motion for summary judgment, holding, without explanation, that the TPPA "applies to Aetna with respect to claims administered by Aetna for self-funded plans."[10]

In March 2015, the federal district court exercised jurisdiction over the action and granted the Providers' motion for summary judgment. It (1) deferred to the Texas state trial court's "non-final interpretation of state law" on the issue of the TPPA's applicability to administrators of self-funded plans and (2) held that ERISA does not preempt such application. Aetna Life timely filed a notice of appeal.

## II.

On appeal, Aetna Life contends that the district court erred in deferring to the Texas state court's determination that Chapter 1301 applies to third-party administrators of self-funded plans. Aetna Life

also contends that, under the plain language of the statute, Chapter 1301 does not apply to its administration of self-funded ERISA plans, or, in the alternative, that ERISA does preempt such application.

## A.

■ The district court erred when it deferred to the Texas court's non-final interpretation of law on the question of the TPPA's applicability. The abstention doctrine announced by the Supreme Court in *Brillhart v. Excess Insurance Co. of America*[11] gives district courts discretion to stay a declaratory judgment action or to abstain from exercising jurisdiction over a declaratory judgment action when a parallel case is pending in state court.[12] Here, the district court categorized its decision as one to "abstain." But that court did not in fact abstain. Rather, it expressly exercised jurisdiction over Aetna Life's declaratory judgment. Without abstaining from exercising jurisdiction and without a basis to give preclusive effect to the non-final holding of the Texas state trial court,[13] the

---

**10.** Because the order contained no explanation, it is unclear whether the state trial court's holding applies specifically to the applicability of Chapter 1301 to Aetna Life, the relevant issue in this case. For example, the state trial court's reference to the "TPPA" could also refer to Chapter 843 of the Texas Insurance Code, and its reference to "Aetna" could refer to "Aetna Health," the defendant in that action.

**11.** 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

**12.** The Fifth Circuit has identified the following factors to be considered in making this determination:
(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.
*Sherwin–Williams Co. v. Holmes Cty.,* 343 F.3d 383, 388 (5th Cir.2003) (quoting *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590–91 (5th Cir.1994)).

**13.** Under Texas law, "[a] prior adjudication of an issue will be given estoppel effect only if it was adequately deliberated and firm." *Mower v. Boyer,* 811 S.W.2d 560, 562 (Tex.1991). Texas courts consider "(1) whether the parties were fully heard, (2) that the court supported

district court accepted an interlocutory decision of a state trial court on a point of law, which provided a basis for its judgment.[14] This constituted error. Because the district court did in fact exercise jurisdiction over the action, it should have made an *Erie* guess as to how the Texas Supreme Court would decide whether Chapter 1301 applies to Aetna Life's activities in this case.[15]

## B.

■ That brings us to the question whether Chapter 1301 applies to Aetna Life's administration of the self-funded ERISA plans.[16] Our recent opinion in *Health Care Service Corp. v. Methodist Hospitals of Dallas*[17] holds that Chapter 1301 does not apply to a third-party administrator of self-funded employer plans. Specifically, we held that neither Chapter 1301's express applicability provision[18] nor its extension of the statute to administra-

tors[19] applies to administrators of self-funded plans. That is why we now hold that Chapter 1301 does not apply to Aetna Life's administration of the self-funded ERISA plans at issue here.[20] Aetna Life's activities are not covered by the statute's express applicability section because Aetna Life does not provide payments of covered expenditures through its "health insurance policy."[21] Neither is Aetna Life an administrator with whom an "insurer" contracts under the provision of the statute that extends its applicability to administrators. This is because the self-funded ERISA plans are not "insurers" under Chapter 1301.[22]

## III.

In light of our holding that Chapter 1301 of the Texas Insurance Code does not apply to Aetna Life's administration of the self-funded ERISA plans, the district

its decision with a reasoned opinion, and (3) that the decision was subject to appeal or was in fact reviewed on appeal." *Id.* Here, the state trial court did not support its denial of summary judgment with a reasoned opinion and the interlocutory order was not subject to appeal. Accordingly, issue preclusion does not provide a basis for the district court's deferral to the state trial court's decision.

14. The district court only reached the issue of ERISA preemption because it deferred to the Texas state trial court's holding that the TPPA applies in the first place.

15. The Providers themselves justify the district court's deference to the Texas trial court's determination of law only on the basis that "the Texas Supreme Court would likewise have held the TPPA applicable."

16. We decline Methodist's invitation to remand this issue to the district court because we review determinations of state law de novo. Moreover, we recently decided this precise issue in the related case, *Health Care Serv. Corp. v. Methodist Hosps. of Dall.*, 814 F.3d 242 (5th Cir.2016).

17. *Id.*

18. TEX. INS.CODE § 1301.0041(a).

19. *Id.* § 1301.109.

20. Because we hold that Chapter 1301 does not apply, we decline to decide whether ERISA would preempt such application.

21. *See* TEX. INS.CODE § 1301.0041(a).

22. *See id.* § 1301.109; *id.* 1301.001(5). *See also See Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 848–49 (Tex.2012) ("Without question, self-funded employee health-benefit plans operate much like insurers. Their activities not surprisingly then fit the definitions of 'insurer' and 'business of insurance' found in the chapter designed to prohibit the unauthorized business of insurance. But that chapter's purpose is to extend the state's regulatory authority to those conducting the business of insurance in the state without authorization. That purpose does not include self-funded employee health-benefit plans because they are not regulated like insurance companies.").

court's denial of Aetna Life's motion for summary judgment and its grant of the Providers' motion for summary judgment are reversed, the judgment of that court is vacated, and the case is remanded for entry of judgment in favor of Aetna Life.

REVERSED, VACATED, and RE-MANDED for entry of judgment.